UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRENCE T. POWELL,

    Petitioner,

  v.

JOHN GAY, *et al*,

    Respondents.

Case No.  C07-5046RBL-KLS

ORDER TO SHOW CAUSE

  Petitioner is a state prisoner currently incarcerated at the Florence Correctional Center, located in Florence, Arizona.  This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254.  The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

  On January 31, 2007, petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #5).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d).  Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

ORDER
Page - 1

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

From the petition, it appears petitioner's judgment and conviction were entered on June 7, 2002. His appeal of that decision was decided on December 23, 2003. Thus, it would seem the AEDPA's one-year statute of limitations began to run by the end of March 2004. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period within which petitioner can file petition for writ of *certiorari* from United States Supreme Court, whether or not such petition is actually filed); United States Supreme Court Rule 13 (petition for writ of *certiorari* to review judgment by state court of last resort is timely when filed within ninety days after entry of judgment).

The petition indicates petitioner did not file any petition for post-conviction relief until he filed a personal restraint petition with the Washington State Supreme Court on September 14, 2005. Thus, nearly nineteen months had passed since the date the period of direct review had ended. In addition, almost one more month passed between the time petitioner's personal restraint petition was disposed of by the state courts and his filing of his petition for federal *habeas corpus* relief with this Court. As such, it appears that petitioner's *habeas corpus* petition is now time barred.

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is

appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances). Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714. Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

Accordingly, the court shall not serve the petition on respondents. In addition, petitioner shall file by **no later than April 15, 2007**, an amended petition under 28 U.S.C. § 2254 showing that his petition is not now time-barred, or show cause why this matter should not be dismissed.

The Clerk shall send a copy of this Order to petitioner.

DATED this 15th day of March, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3